IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GOVERNMENT CAPITAL CORPORATION,<br>    Plaintiff<br><br>V.<br><br>LEASE SERVICING CENTER, INC.<br>d/b/a LSC,<br>    Defendant | CIVIL CASE NO. 4:23-cv-00242 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR SERVICE MARK INFRINGEMENT
AND APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiff Government Capital Corporation (hereinafter sometimes referred to as "GCC" or "Plaintiff"), by and through its below-identified attorneys, complains of Lease Servicing Center, Inc. d/b/a LSC (hereinafter sometimes referred to as "Infringer" or "Defendant") and for cause of action, would show the Court the following:

I.
JURISDICTION AND VENUE

1.    The jurisdiction of this Court over Counts I, II, and III is founded upon 15 U.S.C. §1125 and 28 U.S.C. §1338(a). Jurisdiction over Counts IV and V is founded under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367(a), and 28 U.S.C. §1338(b). Jurisdiction over Count VI arises under the Federal Declaratory Judgment Act, Title 28 U.S.C. §§ 2201, 2202. Defendant is promoting, publicizing, and actually selling the below-described infringing services in this judicial district.

2.    Venue for all Counts is, on information and belief, proper in this judicial district under 28 U.S.C. §1391(b) and (c).

## II.
## THE PARTIES

3. Plaintiff GCC is a Texas corporation having its principal places of business in Southlake, Texas.

4. Defendant Lease Servicing Center, Inc. d/b/a LSC is a Minnesota Corporation that has a business address at 220 22nd Avenue E, Suite 106, Alexandria, Minnesota 56308. Defendant has done business in multiple locations in the State of Texas, including having previously done business in Collin County, Texas. Defendant may be served through its registered agent, C T Corporation, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.
## STATEMENT OF FACTS

5. Since at least January, 1993, GCC has done business under the service mark GOVERNMENT CAPITAL CORPORATION, and has also extensively used the short form of that service mark, GOVERNMENT CAPITAL, including using those marks (the "GOVERNMENT CAPITAL SERVICE MARKS") in the provision of financing and loan services. Government Capital is also the owner of the following United States Service Mark Application that is currently pending in the United States Patent and Trademark Office (USPTO):

| Mark | App. No. | Goods Covered |
|---|---|---|
| GOVERNMENT CAPITAL CORPORATION | 97766696 | Class 36 – Financing and loan services, et. al. |

6. GCC has consistently used the GOVERNMENT CAPITAL SERVICE MARKS in commerce in connection with its financing and loan services that are primarily provided to governmental entities, including municipalities, school districts, counties, other units of local government, state agencies, and tribal nations, since at least as early as January 31, 1993 (or earlier). GCC has done business throughout the United States in the last thirty years.

7.      Plaintiff's use of the GOVERNMENT CAPITAL SERVICE MARKS has been exclusive and continuous since at least January 31, 1993 (or earlier).  Since 1993, Plaintiff has spent well in excess of $25 Million in marketing, advertising, and sales expenses in order to create recognition of the GOVERNMENT CAPITAL SERVICE MARKS and to solidify and enhance the business goodwill among members of the relevant population that is associated with and connected to the business, including but not limited to, persons involved in management and administration of governmental entities, including managerial staff and administrators for various municipalities, school districts, counties, other units of local government, state agencies, and tribal nations.

8.      Exhibits 1-3 that are attached to this Complaint show current uses of the GOVERNMENT CAPITAL SERVICE MARKS on some of webpages of GCC's website that is located at the domain name govcap.com.  Exhibit 4 that is attached to this Complaint shows GCC's current FaceBook® main page showing use of the GOVERNMENT CAPITAL SERVICE MARKS.  GCC's services are identified and widely recognized throughout the United States by the GOVERNMENT CAPITAL SERVICE MARKS.

9.      Upon information and belief, since September, 2002, GCC has been the exclusive and continuous owner of the domain name registration for the domain name govcap.com (the "GOV CAP DOMAIN").  Starting in 2004, the GOV CAP DOMAIN resolved to GCC's c website, and GCC's website has been located at the GOV CAP DOMAIN since that time. Additionally, also starting in or around 2004, GCC's agents, employees, and representatives have all used the related e-mail domain @govcap.com (the "GOV CAP EMAIL DOMAIN") as part of their e-mail addresses that are provided to and used by GCC's customers when communicating with GCC and its representatives in connection with the marketing, sales, and provision of GCC's loan and

financing services (the "GOV CAP EMAIL DOMAIN").

10. In addition to the above, GCC has for many years used the slogans "DO MORE WITH LESS" and "You're Being Asked to Do More With Less" (collectively, "GOV CAP SLOGANS"). Examples of just some of the uses of the GOV CAP SLOGANS over the last decade are attached to this Complaint as Exhibit 5.

11. The GOVERNMENT CAPITAL SERVICE MARKS, GOV CAP DOMAIN, GOV CAP EMAIL DOMAIN, and the GOV CAP SLOGANS (all of which are sometimes collectively referred to as the "GOVERNMENT CAPITAL MARKS") are all protectable as service marks and are entitled to protection under the Lanham Act.  GCC has done billions of dollars in business using the GOVERNMENT CAPITAL MARKS throughout the United States.

12. Recently, Defendant has begun to intentionally use the infringing service mark NCL GOVERNMENT CAPITAL, an infringing short version of that mark, GOVERNMENT CAPITAL, the infringing domain name nclgovcap.com, the infringing e-mail domain @nclgovcap.com, and the infringing slogan "do more with less" (collectively, the "INFRINGING MARKS") without license or permission. This is evidenced by the multiple screenshots from Defendant's website that are attached to this Complaint as Exhibits 6-8, screenshots from Defendant's FaceBook® Page which are attached as Exhibit 9 herewith, and social media posts by Defendant attached hereto as Exhibit 10.  It is clear from the attached exhibits that Defendant is using the INFRINGING MARKS to market and sell services that are identical or highly similar to those that GCC has marketed and sold under the GOVERNMENT CAPITAL MARKS throughout the United States since 1993.

13. Defendant's uses of the INFRINGING MARKS are in the nature of actual marketing and sales of financing and loan services that are primarily provided to governmental

entities, including municipalities, school districts, counties, other units of local government, state agencies, and tribal nations and that are being offered and sold in commerce in direct competition with Plaintiff's services in the same states and geographic areas.

14. Sales of Defendant's financing and loan services under the INFRINGING MARKS have occurred in this state and in this Judicial District.

15. Plaintiff has not authorized, consented to, licensed, or otherwise acquiesced in the use of the INFRINGING MARKS or any similar marks or terms by Defendant.

16. Defendant's use of the INFRINGING MARKS has caused multiple instances of actual confusion.  Multiple customers that have done repeated business with GCC over the years have recently become confused about whether or not Defendant is the same entity as GCC and whether or not the services provided by Defendant are actually being provided by GCC.  Third-party finance entities and vendors have also recently become confused about whether or not Defendant is part of, or related to, GCC.  Moreover, Defendant's use of the INFRINGING MARKS has caused GCC to lose at least one known municipal financing deal, and upon information and belief, multiple instances of actual confusion created by Defendant's unpermitted use of the INFRINGING MARKS have occurred that have resulted in lost sales of services by GCC and therefore resulted in direct economic damage to GCC.  If Defendant is not restrained from its ongoing infringement and if it is allowed to continue to make use of the INFRINGING MARKS in the relevant market, there is a significant likelihood of continuing actual confusion, mistake, and deception of consumers and others in relevant populations, as to the origin, sponsorship, approval or affiliation of the respective services of the parties.

17. Such use of the INFRINGING MARKS by Defendant in connection with its loan and financing services has caused actual confusion in this District among multiple people.

18. Such use by Defendant of the INFRINGING MARKS is, therefore, an infringement of Plaintiff's rights in the GOVERNMENT CAPITAL MARKS that have long been used by Plaintiff in connection with its services throughout the United States. Defendant's use of the INFRINGING MARKS, and all variations and colorable imitations of the INFRINGING MARKS, is likely to create confusion and has caused actual confusion in this District.

19. Defendant's use of the INFRINGING MARKS constitutes common law service mark infringement as well as a "false designation of origin" under federal unfair competition law, but also represents direct infringement of Plaintiff's GOVERNMENT CAPITAL MARKS that creates confusion, deception, and mistakes. The type of services Defendant offers under the INFRINGING MARKS are identical or highly similar to the type of services offered by Plaintiff under the GOVERNMENT CAPITAL MARKS, and Defendant's INFRINGING MARKS are the same or virtually the same as Plaintiff's GOVERNMENT CAPITAL MARKS that Plaintiff has long used as service marks throughout the United States.

20. Defendant's infringement, false designation of origin, and unfair competitive practices are intentional. In one instance, one of GCC's customers in this Judicial District recently became confused about whether Defendant was the same entity as GCC. The customer directly inquired with Defendant as to whether or not Defendant was the same entity as GCC, and Defendant refused to answer the question and tried to complete a sale of services anyway despite not being willing to clarify that Defendant is a totally separate entity from GCC. Furthermore, the rapid adoption of all the INFRINGING MARKS at approximately the same time in the recent past resulting in simultaneous infringement of each and all of the GOVERNMENT CAPITAL MARKS indicates that Defendant's decision to adopt the INFRINGING MARKS was intentional and was intended to unfairly compete with Plaintiff by attempting to solicit and confuse Plaintiff's long-

4888-6323-2856, v. 1     Page 6 of 18     Plaintiff's Original Complaint for Service Mark Infringement and Application for Preliminary Injunction

standing customers, vendors, and financial partners.

21. Defendant's usurpation of Plaintiff's GOVERNMENT CAPITAL MARKS has created actual confusion on the part of customers and potential customers of Plaintiff in multiple locations in the United States.  Upon information and belief, Defendant's usurpation of Plaintiff's GOVERNMENT CAPITAL MARKS creates both direct and reverse confusion.

22. Defendant's use of the INFRINGING MARKS has caused members of the relevant population to incorrectly believe that Defendant's loan and financing services are somehow provided by, sponsored by, approved by, or affiliated with Plaintiff.  None of these beliefs are correct, and there is actual confusion due to Defendant's intentional and deliberate infringement.

23. Defendant is not only using the INFRINGING MARKS in connection with promoting types of services that are identical or highly similar to the types of services offered by Plaintiff, but is doing so in the same markets where Plaintiff's services are routinely offered and sold under the GOVERNMENT CAPITAL MARKS.  Defendant has been directly soliciting business from multiple, long-standing customers of Plaintiff while intentionally using the confusingly similar INFRINGING MARKS in order to unfairly compete with Plaintiff and its salespeople and to siphon off business that would otherwise be awarded to GCC.

24. GCC has also recently learned that Defendant has obtained a federal registration for the following composite service mark shown below:



(referred to herein as the "DEFENDANT'S REGISTRATION").  DEFENDANT'S REGISTRATION was registered by USPTO under U.S. Service Mark Registration No. 6,543,160 on November 2, 2021.  A copy of the registration certificate for DEFENDANT'S

REGISTRATION is attached to this Complaint as Exhibit 11 hereto.

25. At the time that Defendant filed its trademark application that led to DEFENDANT'S REGISTRATION, Defendant did not inform USPTO that the term GOVERNMENT CAPITAL was already in use by one of Defendant's competitors (GCC) throughout the United States in connection with sales of the same or highly similar services to the same types of customers. Defendant also did not file any type of concurrent use application with USPTO regarding the already-in-use service mark GOVERNMENT CAPITAL.

26. Importantly, DEFENDANT'S REGISTRATION was only obtained by Defendant after Defendant entered an express disclaimer of the term GOVERNMENT CAPITAL. As can be seen when reviewing the registration certificate for DEFENDANT'S REGISTRATION that is attached hereto as Exhibit 11, DEFENDANT'S REGISTRATION expressly and specifically states "No claim is made to the exclusive right to use the following apart from the mark as shown: 'GOVERNMENT CAPITAL'." In other words, Defendant has expressly agreed and represented in its public filings with the USPTO that Defendant does not have any exclusive right to use the term GOVERNMENT CAPITAL (apart from the registered mark) to the exclusion of others.

27. It is Plaintiff's position in this lawsuit that DEFENDANT'S REGISTRATION should be cancelled by the Court because, despite the express disclaimer regarding any exclusive rights to use the term "GOVERNMENT CAPITAL" apart from the entirety of the registered mark, Defendant's use of the registered mark is causing actual confusion and is likely to continue to cause confusion, mistake, and misunderstanding in the relevant channels of trade and in the relevant marketplace. Thus, DEFENDANT'S REGISTRATION should be cancelled by this Court pursuant to the power given to the Court to cancel registrations under the Lanham Act.

## IV.
## COUNTS

### COUNT I
### SERVICE MARK INFRINGEMENT (Forward Confusion)

28. Plaintiff incorporates by reference the preceding Paragraphs 1 - 27.

29. The use by Defendant of the INFRINGING MARKS in commerce is likely to cause confusion, mistake, or deception among purchasers or prospective purchasers, vendors, and financial services partners as to affiliation, connection, or association of the parties and as to the source, sponsorship, and approval of Plaintiff's and Defendant's services, and it has in fact already caused actual confusion in the marketplace on multiple occasions.

30. Defendant is therefore liable for infringement of Plaintiff's GOVERNMENT CAPITAL MARKS and false designation of origin under 15 U.S.C. §1125, et seq.

31. Plaintiff has been and is being irreparably damaged by the foregoing acts of Defendant and, unless Defendant is restrained, said infringing acts will continue. Having no adequate remedy at law, Plaintiff seeks preliminary and permanent injunctive relief in addition to its actual damages and all of Defendant's profits.

32. The willful nature of Defendant's infringement, if established by subsequent discovery, will render this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff to an award of its reasonable attorney fees.

33. Plaintiff further asserts that Defendant's use of the INFRINGING MARKS in connection with offering and selling the same types of services offered and sold by Plaintiff under its GOVERNMENT CAPITAL MARKS constitutes sales of counterfeit services under 15 U.S.C. §1116(d), entitling Plaintiff to elect recovery of statutory damages at any time prior to the entry of final judgment pursuant to 15 U.S.C. §1117(c).

## COUNT II
## SERVICE MARK INFRINGEMENT (Reverse Confusion)

34. Plaintiff incorporates by reference the preceding Paragraphs 1 – 33.

35. The use by Defendant of the INFRINGING MARKS in commerce is likely to cause confusion, mistake, or deception among purchasers or prospective purchasers, vendors, and financial services partners as to the respective source, sponsorship, approval or affiliation of Plaintiff's and Defendant's services. In fact such confusion has already actually occurred in this District and in other locations.

36. The infringing acts of Defendant are likely to create both forward confusion (that Defendant's services are provided by, sponsored by, approved by, or affiliated with Plaintiff) and reverse confusion (that Plaintiff's services are provided by, sponsored by, approved by, or affiliated with Defendant).

37. Defendant is therefore liable for infringement of Plaintiff's GOVERNMENT CAPITAL MARKS and false designation of origin under 15 U.S.C. §1125, et seq.

38. Plaintiff has been and is being irreparably damaged by the foregoing acts of Defendant and, unless Defendant is restrained, said infringing acts will continue. Having no adequate remedy at law, Plaintiff seeks preliminary and permanent injunctive relief in addition to its actual damages and Defendant's profits.

39. The willful nature of Defendant's infringement, if established by subsequent discovery, will render this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff to an award of its reasonable attorney fees.

40. Plaintiff further asserts that Defendant's use of the INFRINGING MARKS in connection with offering and selling the same types of services offered and sold by Plaintiff under its GOVERNMENT CAPITAL MARKS constitutes sales of counterfeit services under 15 U.S.C.

§1116(d), entitling Plaintiff to elect recovery of statutory damages at any time prior to the entry of final judgment pursuant to 15 U.S.C. §1117(c).

## COUNT III
## FEDERAL FALSE DESIGNATION OF ORIGIN

41. Plaintiff repeats and incorporates in this Count each of the allegations set forth in paragraphs 1-40.

42. Defendant's use of the INFRINGING MARKS in commerce is a false description and representation that its services are provided by, sponsored by, or affiliated with Plaintiff's services that have been offered and sold under the GOVERNMENT CAPITAL MARKS for many years prior to the time that Defendant began using the INFRINGING MARKS. Such use is in violation of 15 U.S.C. §1125(a) because it is a false designation of origin for which Plaintiff is entitled to preliminary and permanent injunctive relief and damages as therein provided.

## COUNT IV
## STATE UNFAIR COMPETITION

43. Plaintiff repeats and incorporates in this Count each of the allegations set forth in paragraphs 1-42.

44. The aforesaid acts of Defendant constitute service mark infringement, misappropriation of Plaintiff's rights, unjust enrichment, passing off of Defendant's services as those of Plaintiff, and unfair competition, all in violation of the common law of the State of Texas.

## COUNT V
## STATE ACTION FOR INJURY TO A BUSINESS REPUTATION, TRADE NAME OR MARK

45. Plaintiff repeats and incorporates in this Count each of the allegations set forth in paragraphs 1-44.

46. The use by Defendant of the INFRINGING MARKS in the State of Texas is likely

to injure the business reputation of Plaintiff, and to dilute the distinctive quality of Plaintiff's GOVERNMENT CAPITAL MARKS, for which Tex. Bus. & Com. Code Ann. §16.29 prescribes injunctive relief.

## COUNT VI
## DECLARATORY JUDGMENT

47. Plaintiff repeats and incorporates in this Count each of the allegations set forth in paragraphs 1-46.

48. There is a justiciable controversy between Defendant and Plaintiff concerning the right of Plaintiff to prevent the use of the INFRINGING MARKS by Defendant in view of Plaintiff's ownership of the GOVERNMENT CAPITAL MARKS for identical or highly similar services.

49. Plaintiff is entitled to, and hereby requests, a declaratory judgment that Defendant's publicizing, marketing, and selling services under the INFRINGING MARKS infringes Plaintiff's rights in and to the GOVERNMENT CAPITAL MARKS for loan and financing services.

## COUNT VII
## APPLICATION FOR PRELIMINARY INJUNCTION

50. Plaintiff repeats and incorporates in this Count each of the allegations set forth in paragraphs 1-49.

51. Pursuant to 15 U.S.C. §1116, Federal Rule of Civil Procedure 65(a), and this Court's inherent equitable powers to restrain Defendant from engaging in tortious conduct that is causing irreparable harm, Plaintiff requests that the Court, pending trial on the merits, issue a preliminary injunction, and after trial on the merits, to issue a permanent injunction that enjoins Defendant, along with its respective employees, agents, partners, joint venturers, representatives, and all those persons acting in concert with it, or any of the aforesaid, together with those persons

having actual knowledge of this Court's Order, from the following conduct:

a. Any further use as a service mark, business name, tradename, display, promotion, and/or advertising of the terms GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations thereof, in connection with, or in promotion of, loan and financing services;

b. The further sale and offer for sale of any services in connection with the marks GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations thereof;

c. The further production and dissemination of advertising and marketing material that in any way exhibits or includes the trade names or service marks GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations of those marks;

d. The further use of the marks GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations of those marks, on FaceBook®, Twitter®, Instagram®, or on any other website or Internet-based social media whatsoever;

e. The further use of the marks GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO

MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations of those marks, on labels and signs, signage, and any other similar marketing or advertising uses in connection with loan and financing services.

52. Plaintiff is entitled to a preliminary injunction because a balancing of the four factor preliminary injunction test weighs heavily in Plaintiff's favor.

53. Plaintiff is likely to succeed on the merits of its claim that Defendant's use of the INFRINGING MARKS in connection with its loan and financing services constitutes service mark infringement under the Lanham Act and constitutes illegal service mark dilution under Texas law. Defendant's INFRINGING MARKS are identical or nearly identical to Plaintiff's GOVERNMENT CAPITAL MARKS in terms of spelling and pronunciation of the GOVERNMENT CAPITAL, GOV CAP, and DO MORE WITH LESS terms in the marks. Furthermore, the INFRINGING MARKS are being used by Defendant in connection with the same or highly similar types of services as those of Plaintiff, namely, loan and financing services. Such use is likely to cause confusion, to cause mistake, or to deceive and therefore constitutes service mark infringement with regard to Plaintiff's GOVERNMENT CAPITAL MARKS. The similarity of the marks also establishes a strong case that Defendant's use of the INFRINGING MARKS dilutes the distinctive quality of Plaintiff's GOVERNMENT CAPITAL MARKS and that such use is intentional.

54. Plaintiff is likely to succeed on the merits of its claim that Defendant's use of the INFRINGING MARKS in connection with its loan and financing services constitutes unfair competition under the Lanham Act. Defendant's INFRINGING MARKS are extremely similar to Plaintiff's GOVERNMENT CAPITAL MARKS, so much so that it creates a likelihood of confusion or mistake when used in connection with loan and financing services, and has in fact

already caused actual confusion.

55.     Plaintiff has and will continue to be irreparably harmed by Defendant's service mark infringement and Defendant's false designation of origin.  Defendant has damaged, and continues to damage the prospects for Plaintiff to profit from its duly acquired and protected property interest in the GOVERNMENT CAPITAL MARKS.  Consumers who see both the INFRINGING MARKS used in connection with services sold by Defendant and the GOVERNMENT CAPITAL MARKS used in connection with services sold by Plaintiff are self-evidently likely to assume some false connection between the respective users and their respective services.  The likelihood of confusion caused by the improper use of a confusingly similar mark is, in itself, irreparable injury.  This is bolstered by the fact that there have already been multiple instances of actual confusion among customers in the relevant market.

56.     The balance of hardships also favors Plaintiff.  The hardships that will be encountered by Plaintiff if a preliminary injunction is not granted clearly outweigh the hardships caused to Defendant if such an injunction issues.  Plaintiff is not requesting that Defendant be enjoined from competing.  Plaintiff is only asking that Defendant be required to compete fairly by using a non-infringing mark in connection with its competing services.  Hence the only harm to Defendant from issuance of an injunction, is that the Defendant will be required to use a mark that is not likely to cause confusion or destroy the existing or potential future goodwill developed by Plaintiff through its long-standing use of the GOVERNMENT CAPITAL MARKS.

57.     Granting a preliminary injunction would be consistent with the public interest.  A preliminary injunction in this case not only would preserve and protect Plaintiff's existing and prospective goodwill in the GOVERNMENT CAPITAL MARKS, but also would advance the public interest by preventing the confusion or deception of consumers in violation of the Lanham

Act.

58. Plaintiff is willing to post a bond in the amount the Court deems appropriate. Given that Defendant has flagrantly infringed Plaintiff's service mark rights, only a de minimis bond would be appropriate.

59. In light of these considerations, Plaintiff's Application for Preliminary Injunction should be granted.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues which are triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Government Capital Corporation respectfully requests:

(a) That Defendant Lease Servicing Center, Inc. and each of its respective agents, servants, employees, partners, joint venturers, successors, and assigns, and all other persons acting in active concert and participation with Defendant, be preliminarily and permanently enjoined from using the marks GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS, or any colorable variations thereof, and whether alone or as part of composite marks, in any manner with respect to loan and financing services with which the use of such marks would reasonably give rise to a likelihood of confusion.

(b) That Defendant Lease Servicing Center, Inc. be ordered to deliver up for destruction all signs, advertisements, circulars, brochures, labels, goods, business cards, and any and all other items in its possession or under its control which bear the GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS marks (alone or as

part of a composite mark) or any colorable variations thereof, and to remove, take down, and delete all Internet websites, social media posts, Internet listings, social media accounts, social media listings, and all other electronic media of whatsoever type or kind displaying the GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS marks (alone or as part of a composite mark) and all similar variations of same.

(c)     That Plaintiff's Application for Temporary Injunction incorporated herein be heard and granted at the earliest possible time.

(d)     That Defendant Lease Servicing Center, Inc. be required to account to Plaintiff Government Capital Corporation for any and all profits derived by Defendant from the aforesaid misconduct, and for all damages sustained by Plaintiff Government Capital Corporation by reason of said unlawful acts, and that a judgment be entered against Defendant for said amounts, and that, if further investigation yields facts which justify such a holding by this Court, that said damages be enlarged by virtue of 15 U.S.C. §1117(b).

(e)     That a declaratory judgment be granted Plaintiff to the effect that Defendant's publicizing, marketing, and selling its services under the GOVERNMENT CAPITAL, NCL GOVERNMENT CAPITAL, GOV CAP, govcap.com, nclgovcap.com, @nclgovcap.com, DO MORE WITH LESS, and DOING MORE WITH LESS marks infringes Plaintiff's rights in and to the GOVERNMENT CAPITAL MARKS with regard to loan and financing services.

(f)     That costs of this action be awarded to Plaintiff Government Capital Corporation.

(g)     That Plaintiff Government Capital Corporation be awarded its reasonable attorney's fees expended in filing and prosecuting this action.

(h)     The Court cancel U.S. Service Mark Registration No. 6,543,160, in whole or in

part, pursuant to 15 U.S.C. § 1119.

(i) That Plaintiff be granted such other and further relief as the Court deems proper and just.

Respectfully Submitted,

_____
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
powell@namanhowell.com
Jacqueline P. Altman
State Bar No. 24087010
jaltman@namanhowell.com
Mark W. Altman, II
State Bar No. 24094064
maltman@namanhowell.com
of
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, 8th Floor
Waco, Texas  76701
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR PLAINTIFF
GOVERNMENT CAPITAL CORPORATION